IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CESAR PUENTE and MARGARITA PUENTE, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. 3:13-CV-106-N |
| CITIMORTGAGE, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., and EVERETT FINANCIAL, INC. d/b/a SUPREME LENDING, | § § § § § § § | |
| Defendants. | § | |

## **ORDER**

This Order addresses two motions: (1) Defendant Everett Financial, Inc. d/b/a Supreme Lending's ("Everett") motion to dismiss [Doc. 25], and (2) Defendants CitiMortgage, Inc. ("CitiMortgage") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss [26]. The Court grants both motions.

### I. THE PARTIES' DISPUTE OVER THE PUENTES' MORTGAGE[1]

This case is about the mortgage on Plaintiffs Cesar Puente and Margarita Puente's home (the "Property"). The Puentes obtained a mortgage on the Property in February 2006. At that time, they executed a note payable to Everett (the "Note") and a deed of trust (the

---

[1]Unless otherwise noted, the Court takes the facts in this section from Sheets's first amended complaint and emphasizes that at this stage of the litigation they are just allegations.

ORDER – PAGE 1

"Deed") encumbering the Property and securing payment of the Note. The Deed lists MERS as the Deed's beneficiary, as nominee for Everett. It grants MERS the power to exercise Everett's rights under the deed. MERS subsequently assigned the Deed to CitiMortgage. That assignment is recorded in the real property records of Dallas County.

The Puentes later experienced difficulty making their mortgage payments. They and CitiMortgage engaged in a trial loan modification, but there was apparently no final agreement regarding a permanent modification. According to the live complaint [24], the Puentes sent CitiMortgage upon their request two versions of the Note: one in April, and one in July. The first of these bore an indorsement from Everett to CitiMortgage; the second bore an indorsement in blank. CitiMortgage subsequently accelerated the loan and foreclosed on the Property, purchasing it at the foreclosure sale.

The Puentes filed suit in state court in 2011, alleging various claims against Defendants. Defendants removed that action, and the Court later dismissed it without prejudice. *See Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997 (N.D. Tex. Aug. 29, 2012). The Puentes thereafter filed this case in January 2013. They bring claims for trespass to try title, to quiet title, for violations of the RESPA and the TDCA, and for declaratory relief. Defendants now move to dismiss.

## II. STANDARD OF REVIEW FOR MOTIONS TO DISMISS

When faced with a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted ... to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be

considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "[t]he district court took appropriate judicial notice of publically available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### III. THE COURT DISMISSES THE CLAIMS AGAINST CITIMORTGAGE

#### A. *The Puentes May Challenge the Assignment*

CitiMortgage argues, first, that the Puentes lack standing to challenge the assignment from MERS to CitiMortgage. Courts in this District have disagreed about the merits of this argument, but the Fifth Circuit has recently noted as follows:

> Though "the law is settled" in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor, Texas courts follow the majority rule that the obligor may defend "on any ground which renders the assignment void."

*Reinagel v. Deutsche Bank Nat'l Trust Co.*, No. 12-50569, 2013 WL 3480207, at *3 (5th Cir. July 11, 2013) (quoting *Tri-Cities Constr., Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.2d 426, 430

(Tex. Civ. App. – Houston [1st Dist.] 1975)). To the extent they challenge the assignment, the Puentes clearly assert that it was void. They thus have standing to challenge the assignment on these grounds.

### B. The Puentes' Underlying Theory Lacks Merit

Most of the Puentes' claims are based on their contention that CitiMortgage lacked the authority to foreclose on and sell the Property. None of the rationales underlying this contention, however, is valid.

*1. The Assignment of the Deed Was Valid.* – The Puentes have alleged no facts tending to support their conclusion that the MERS-to-CitiMortgage assignment of the Deed was invalid. The Court cannot accept the Puentes' conclusions at face value. The Deed expressly provides that MERS had the authority to exercise Everett's rights under the deed "if necessary to comply with law or custom." Second Am. Compl., Ex. 2 [24-1], at 3. Here, MERS assigned the Deed to comply with the custom of creating and recording documents evincing the assignment of deeds of trusts. Courts have repeatedly held that MERS may assign a deed of trust where the deed so provides. *E.g.*, *Green v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-1498-N, 2013 WL 1406012 (N.D. Tex. Apr. 8, 2013) (citing cases).

*2. CitiMortgage Does Not Need to Possess the Note.* – The Puentes' primary argument is that the fact that CitiMortgage produced two apparently different versions of the Note – one indorsed to CitiMortgage and one indorsed in blank – means there is a dispute about whether CitiMortgage validly holds the Note. This dispute, however, is a red herring: it is irrelevant to CitiMortgage's authority to foreclose on the Property. The Fifth Circuit has

ORDER – PAGE 5

determined that, under Texas law, a party need not possess a note to foreclose under a corresponding deed of trust. *See Martins v. BAC Home Loans Servicing, L.P.*, No. 12-20559, 2013 WL 3213633, at *1–4 (5th Cir. June 26, 2013) (observing that note and lien are separate obligations, that deed of trust gives power of sale to both lender and to beneficiary, and that "[t]he party to foreclose need not possess the note itself"); *see also Casterline v. OneWest Bank, F.S.B.*, No. 13-40067, 2013 WL 3868011, at *2 (5th Cir. July 3, 2013) (unpub.) (per curiam) (affirming grant of summary judgment where parties disagreed about whether note had been assigned and rejecting argument that "splitting the Security Instrument from the underlying Note, and separately assigning them, rendered the mortgage unenforceable"); *Helms v. Mortg. Elec. Registration Sys., Inc.*, No. H-11-3298, 2012 WL 43368, at *2 (S.D.Tex. Jan. 9, 2012) ("[E]ven if the note and the deed of trust became somehow separated, that does not affect the rights of the lien-creditor to foreclose based on the deed of trust."). Regardless of whether Everett indorsed the Note to CitiMortgage or in blank, CitiMortgage needed only the Deed to have the authority to foreclose on the Property.

In sum, CitiMortgage's authority to foreclose stemmed from its valid possession of the Deed. Regardless of the dispute over the Note, then, CitiMortgage's foreclosure was proper. As explained below, any claims predicated on contrary theories must fail.

### C. Quiet Title and Trespass to Try Title

An action to quiet title, which is equitable, is distinct from an action for trespass to try title, which is statutory. A plaintiff in a quiet title suit must prove that (1) he or she has an interest in a specific property, (2) title to the property is affected by a claim by the defendant

or defendants, and (3) the claim, although facially valid, is invalid or unenforceable. *Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App. – Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.)). "To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). In both actions, the plaintiff "must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.) (citations omitted).

    The Puentes' trespass to try title and quiet title claims are based on the contention that CitiMortgage's interest in the Property is invalid or inferior to the Puentes' interest. As explained above, however, CitiMortgage validly holds the Deed, so its claim to the Property is not invalid or unenforceable. The Puentes therefore cannot state a quiet title claim. Moreover, the Deed provides that the Puentes "irrevocably grant[ed] and convey[ed]" the Property to the trustee specified in the Deed. Second Am. Compl., Ex. 2, at 3. They have not challenged the validity of this conveyance. They have thus not stated a claim for trespass to try title. The Court therefore dismisses both of these claims.

## D. TDCA

To state a TDCA claim, a plaintiff must plead that (1) the debt that is the subject of the claim is a consumer debt; (2) the defendant is a debt collector, as defined under the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. *See* TEX. FIN. CODE §§ 392.001–392.404. The Puentes have not alleged conduct by CitiMortgage that would violate this statute: again, the complaint, in light of the documents attached to it, does not give rise to a plausible inference that CitiMortgage's foreclosure was wrongful. Likewise, the Puentes have not pled any facts demonstrating that a wrongful act of CitiMortgage's injured them. Because the Puentes have not pled essential elements of their TDCA claim, the Court dismisses it as insufficient to state a claim upon which relief can be granted.

## E. RESPA

The Puentes assert that CitiMortgage violated provisions of RESPA by "failing to correct errors in [the Puentes'] account in not crediting any and all funds unlawfully charged to, collected from, and otherwise owed to [the Puentes]" Second Am. Compl. ¶ 62. Despite these conclusory allegations, however, the Puentes do not describe the alleged errors in the account or the manner in which funds were allegedly misapplied. The Court therefore concludes that the Puentes have not alleged facts sufficient to support a plausible claim for a RESPA violation and accordingly dismisses this claim.

### F.  *Declaratory Relief*

The Declaratory Judgment Act ("DJA")² is a procedural mechanism: it creates no substantive rights.  *Lowe v. Ingalls Shipbldg.*, 723 F.2d 1173, 1179 (5th Cir. 1984); *see Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937).  "Thus, the Act provides no relief unless there is a justiciable controversy between the parties."  *Kazmi v. BAC Home Loans Servicing, L.P.*, No. 4:11-CV-375, 2012 WL 629440, at *15 (E.D. Tex. Feb. 3, 2012); *see Turner*, 2011 WL 3606688, at *5 (explaining that DJA is "merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law").  Because the Court dismisses the Puentes' underlying causes of action, no actual controversy between the parties regarding any of these claims remains.  The Puentes thus fail to state a claim upon which the Court can grant declaratory relief.

### IV.  THE CLAIMS AGAINST EVERETT AND MERS ARE INSUFFICIENT

It is clear from the Puentes' live complaint that their dispute is primarily with CitiMortgage.  They name Everett and MERS as defendants, too, but they allege very few facts about either defendant.  From the facts alleged, it appears that Everett's only role in the dispute was to indorse the Note, and MERS's only role was to assign the Deed.  The Court dismisses the Puentes' complaints against these defendants for two reasons.  First, the Puentes have not included enough facts to alert Everett and MERS as to the conduct

---

²Removal from state to federal court, in effect, converts a state court declaratory judgment action into one under the DJA.  *See, e.g.*, *Turner v. AmericaHomeKey, Inc.*, No. No. 3:11-CV-0860-D, 2011 WL 3606688, at *5 n.11 (N.D. Tex. Aug. 16, 2011); *Morrice Logistics, Ltd. v. Intransit Inc.*, No. EP-10-CV-417-KC, 2011 WL 1327397, at *4 n.1 (W.D. Tex. Apr. 5, 2011).

underlying the claims the Puentes assert against them. "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008). Second, as the Court explained above, none of the Puentes' theories regarding the purported invalidity of CitiMortgage's ownership interest in the Property or its authority to foreclose has merit. CitiMortgage has committed no wrongful act, and, by extension, Everett and MERS have not done so, either. For the reasons set out above, then, the Puentes' claims are insufficient as asserted against these defendants, too.

### CONCLUSION

For the reasons set out above, the Court grants both motions and dismisses the Puentes' claims against CitiMortgage, MERS, and Everett with prejudice.[3]

Signed August 19, 2013.

_____
David C. Godbey
United States District Judge

---

[3]The Puentes did not request leave to amend if the Court granted CitiMortgage's motion. Moreover, the Court determines that, given the two complaints already filed in this case and the one complaint in the Puentes' previous action against the same parties, the Puentes have had ample opportunity to plead their best case. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). The Court accordingly declines, *sua sponte*, to grant the Puentes leave to amend their complaint again.

ORDER – PAGE 10